# IN RE FAY.

PATENTS; APPEALS; RES JUDICATA; PATENTABILITY.

1. Where an applicant for a patent appeals from a decision of the Commissioner rejecting his renewed application, *quære* whether on such appeal this court will consider the grounds upon which the Commissioner rejected the original application, where the second rejection was upon the ground that the question was *res judicata*.
2. A novelty involving a state of art so universal and common as the making and adjustment of clothing must be of a radical character to overcome the presumption against its patentability.
3. The presumption against the patentability of any claim is made very strong by the concurrent denial of all of the tribunals of the Patent Office to whom in turn it has been presented.

No. 141. Patent Appeals. Submitted November 15, 1899. Decided December 6, 1899.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Baldwin, Davidson & Wight* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing a patent to Ophelia L. Fay for an improvement in nether garments with the following claims:

"1. A nether garment, comprising a covering for the foot and leg, and an extension from the leg for covering and protecting a portion of the abdomen, and terminating at the thigh portion, so as to leave the buttocks or posterior region uncovered.

"2. A nether garment comprising a tubular covering for the foot and leg, and a flap formed by opening out the tubular leg portion centrally at the rear from its upper edge downwardly; thus producing two wings of equal extent on opposite sides of the longitudinal axis of the leg for covering a portion of the abdomen but terminating at the thigh portion in order to leave the posterior region uncovered.

"3. A nether garment made in two separate parts similar in shape and interchangeable in use, each comprising a tubular covering for the foot and leg and a flap formed by opening out the tubular leg portion centrally at the rear from its upper edge downwardly, thus producing two wings of substantially equal extent on opposite sides of the longitudinal axis of the leg for covering a portion of the abdomen but terminating at the thigh portion in order to leave the posterior region uncovered, in combination with fastening devices for attaching the flaps to an upper garment of the wearer, so that they shall meet or overlap in front of the abdomen.

"4. A stocking of elastic knitted fabric, comprising a foot portion and a tubular leg portion, said leg portion being extended and opened out centrally at the rear from its upper edge downwardly whereby the front upper portion of the stocking forms an abdominal flap."

The rejection of these claims was made upon reference to several existing patents for improvements in underwear, among them No. 364,650, to Holmes, June 14, 1887, and No. 455,757, to Lorentz, July 14, 1891.

The first application for patent was rejected by each tribunal of the Patent Office in order, and applicant renewed it without substantial change. Each tribunal again rejected the claims, the primary examiner and the examiners in chief putting their decisions on the ground that the right claimed under the renewed application had been settled by the former decision of the Commissioner.

The latter held that the subordinate tribunals were right

in declaring the question *res adjudicata* under the decision of this court made in an analogous case. *In re Barratt*, 14 App. D. C. 255, 261. In that case the application had been renewed after final rejection and the affirmance thereof in this court. 11 App. D. C. 177. In affirming the decision on the second appeal it was said:

" We do not desire it to be understood that the Patent Office may not, if it thinks proper so to do, entertain and adjudicate a second application for a patent after the first application had been rejected. What we decide is, that it is not incumbent upon the Office as a duty to entertain such applications, and that, if it refuses to entertain them, it has a perfect legal right so to do. An applicant is not legally aggrieved by such refusal."

A very liberal right of renewal of rejected applications has been recognized by the Supreme Court in cases where the Patent Commissioner has reconsidered his former grounds of rejection and issued the patent. *Godfrey* v. *Eames*, 1 Wall. 317; *Smith* v. *Goodyear Dental Vulcanite Co.*, 93 U. S. 486. But it does not follow that the doctrine of *res adjudicata* may not be applied to such renewed applications, in the discretion of the Commissioner, as stated in *Barratt's Case, supra.* It is as much to the public interest that there shall be an end of litigation in the tribunals of the Patent Office as in others.

This case is different from that of Barratt, in the single fact that there was no appeal to this court from the first decision refusing the patent.

Whether the failure to take our judgment upon the refusal of the first application entitles the applicant to demand that we consider the grounds of the first decision as involved in this appeal, raises a question that we prefer not to decide without the assistance of the Chief Justice, who was absent by reason of illness when this case was argued and submitted to the remaining members of the court by stipulation. Its determination is not necessary to the disposition

of the case, because the Commissioner did in fact reconsider the application on its merits.    His decision is stated in the following words:

"Considering the question of patentability *de novo*, however, as it is stated on behalf of appellant that appeal is to be taken to the Court of Appeals should the decision be adverse, I find no reason for changing my decision in the former appeal.    Appellant has made the leg of a stocking of such length that it will reach to the waist of the wearer. The top portion of the stocking is slit at the rear, so that in use this portion is spread out in front of the abdomen, and when this portion is fastened to a waistband or supporting garment the inner edges of the said portion of a pair of stockings overlapping, the abdomen of the wearer is covered.

"One of the advantages claimed by appellant is that a pair of these stockings are interchangeable—that is, there are no rights and lefts.    This, however, is found in every ordinary pair of stockings and can not confer patentability. Another advantage is that the rear portion of the stocking is open, so as to leave the posterior region uncovered, so that this part of the body will not become unduly heated, and there will be no strain on the rear portion of the waistband. It seems to me that if in using the Holmes stocking these objections should arise, any housewife would understand that they could be overcome by dispensing with the rear part of that stocking.    Furthermore, this part is cut away in the Lorentz stocking.

"The Holmes stockings have the legs extended so that they will reach to the waistband, and when brought together in front will cover the abdomen.    They have all the advantages claimed for the stocking of the appellant, so far as relates to covering the abdomen.

"I do not think the appellant has made anything which reaches to the dignity of invention, and all the advantages claimed for her stocking are substantially found in the prior art."

As has been well said by Judge Putnam: "A novelty involving a state of art so universal and common as the making and adjustment of clothing must be of a radical character to overcome the presumption against its patentability." *Dalby* v. *Lynes*, 71 O. G. 1317. See, also, *Way* v. *McClain*, 96 Fed. Rep. 416; *In re Draper*, 10 App. D. C. 545; *In re Smith's Appeal*, 14 App. D. C. 181.

And the presumption against the patentability of any claim is made very strong by the concurrent denial of all the tribunals of the Patent Office to whom in turn it has been presented. *In re Smith's Appeal*, 14 App. D. C. 181, 185.

Approving the decision of the Commissioner, and deeming it unnecessary to add anything else thereto, it will be affirmed. It is so ordered, and the clerk of this court will certify the proceedings herein to the Commissioner of Patents.          *Affirmed.*

The Chief Justice did not sit in the hearing or determination of this case.